# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 18-207** |
| **WAYNE BANKS** | **SECTION: "S"** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Appointment of Counsel and for Compassionate Release** (Rec. Doc. 95) is **DENIED**.

## BACKGROUND

On August 8, 2019, defendant pleaded guilty to counts one through six of a superseding bill of information. Counts one and four charged possession with intent to distribute a quantity of heroin. Counts two, three, and six each charged defendant with being a felon in possession of a firearm. Count five charged possession of a firearm in furtherance of a drug trafficking offense. The defendant was previously convicted for manslaughter, and was on parole supervision at the time of the offense for which he is now incarcerated.

The court sentenced defendant to 42 months of imprisonment as to counts one, two, three, four and six, and 60 months imprisonment, consecutive, as to count five, for a total of 102 months. The defendant, who is currently housed at Federal Correctional Institute, Beaumont, Medium, has served just over one quarter of his sentence, and has a projected release date of December 13, 2025.

On July 15, 2020, defendant filed a Request for Reduction in Sentence and/or Home

Confinement with the Bureau of Prisons, based on his diabetes diagnosis and concerns regarding the COVID-19 pandemic. Rec. Doc. 99-4. The request was denied on August 14, 2020, in a response from the Warden, which stated that if defendant was dissatisfied with the result, he could utilize the administrative remedy process. Rec. Doc. 99-5. Defendant filed a motion for reduction in sentence with this court on August 10, 2020, under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), requesting that he be released from his sentence or serve the remainder of it on home confinement, He contends that his diabetes, in conjunction with the COVID-19 epidemic, constitute an extraordinary and compelling reason that warrant a reduction in sentence. He also requested that the court appoint counsel to assist him in seeking compassionate release. The government opposes the motion.

## DISCUSSION

**I.     Appointment of Counsel**

There is no general constitutional right to appointed counsel in post-conviction proceedings, unless the court holds an evidentiary hearing. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993). Moreover, while a "person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings," 18 U.S.C. § 3006A(c), a post-conviction reduction motion brought under 18 U.S.C. § 3582 is generally not considered to be "ancillary" as contemplated by that rule. See United States v. Garcia, 689 F.3d 362, 364 (5th Cir. 2012)(quoting 18 U.S.C. § 3006A(c)) (other citations omitted); see also, United States v.

Moore, 400 F. App'x 851, 852 (5th Cir. 2010)("There is no right to appointed counsel in a § 3582(c)(2) proceeding."). Because defendant's motion is brought pursuant to 18 U.S.C. § 3582, he is not entitled to appointment of counsel 18 U.S.C. § 3006A(c).

Moreover, while 18 U.S.C. § 3006A(2)(b) grants federal district courts discretionary power to appoint counsel to indigent individuals seeking relief when "the interests of justice so require," the straightforward facts of this case do not warrant appointment of counsel on that basis.

## II. Compassionate Release

Defendant seeks compassionate release to home confinement pursuant to 18 U.S.C. §3582(c)(1)(A). Under that provision, the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction. . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Exhaustion Requirement*

The Fifth Circuit has recently clarified that the requirement that a defendant file a request with the Bureau of Prisons ("BOP") before filing a motion in federal court is a mandatory, but nonjurisdictional, claim-processing rule. United States v. Franco, —F.3d---, 2020 WL 5249369, at *2 (5th Cir. Sept. 3, 2020). As such, it is mandatory if properly raised, but may be waived or forfeited by an opposing party. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019).

In the present case, defendant submitted a request to the Warden which was denied, in a letter directing him to utilize the administrative remedy process if dissatisfied with the result. No record evidence suggests that he has done so, and thus it appears defendant has not fully exhausted his remedies. Nevertheless, the Government has accepted the Warden's denial letter as proof of full exhaustion, and the court construes this as a waiver by the Government of the non-jurisdictional requirement of full exhaustion. Accordingly, the court addresses the merits of defendant's motion.

***Merits Discussion***

Title 18, section 3582 permits the court to reduce the term of imprisonment only after considering the applicable factors set forth in section 3553(a) and upon a finding that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The applicable Sentencing Commission policy statement provides that a defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[the defendant] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. Under the application notes to the Guideline, the court reaches the question of "extraordinary and compelling reasons" only after the defendant has satisfied the requirement of subsection two, that he is not a danger to the safety of others under section 3142(g). U.S.S.G. § 1B1.13, cmt. n.1.

In determining if a defendant is a danger to another person or the community, title 18, section 3142(g) requires consideration of factors including, <u>inter alia</u>, "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . or

involves a minor victim or a controlled substance, firearm, explosive, or destructive device", the weight of the evidence against the defendant; and the history and characteristics of the defendant, including--

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law[.]

18 U.S.C.A. § 3142(g).

Defendant argues that his diabetes diagnosis constitutes an extraordinary and compelling reason warranting reduction. However, he makes no attempt to demonstrate that he is not a safety danger under section 3142(g), which is a prerequisite to the "extraordinary and compelling reason" inquiry.

In this case, defendant was first convicted of manslaughter on his plea of guilty on July 30, 2003. Defendant, who was fifteen years of age at the time, was prosecuted as an adult for his conduct, and was sentenced to fifteen years imprisonment for manslaughter. On May 22, 2015, defendant was released on parole, and on December 8, 2016, while on parole, he was arrested for possession of a distributable amount of heroin and being a felon in possession of a firearm. He was released on parole again on March 17, 2017, and re-arrested four months later on July 28, 2017 for possession of a firearm by a felon. Then, on September 18, 2018, *again* while on parole, defendant was arrested for the offenses for which he stands convicted in the instant case

– possession with intent to distribute heroin, and firearms offenses.

Under section 3142(g), convictions involving a controlled substance and firearms are specifically identified as factors that demonstrate that a defendant is a danger to the community. Moreover, defendant's criminal history is lengthy, indeed continuous, going back to the age of fifteen. The court especially notes the provision at section 3142(g)(3)(B) pertaining to individuals on probation or parole at the time of the current offense. Considering these factors, the court finds that defendant has failed to establish that his release would not pose a danger to the community, and thus he does not qualify for a reduction in sentence.

Further, even if he could satisfy the requirements of section 3142(g), defendant's medical condition does not rise to the level of an "extraordinary and compelling reason" warranting a reduction. While the application notes to the policy statement provide that certain types of medical conditions qualify as "extraordinary and compelling reasons," such as when a defendant is "suffering from a serious physical or medical condition," the condition must also be one "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility. . . ." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The CDC has identified type II diabetes as a risk factor that heightens the likelihood of severe injury or death if an inmate were to contract COVID-19, and the Government has acknowledged that as such, it is a serious medical condition under the Guidelines.

However, the Government argues, and the court agrees, that though the defendant's condition is serious, there is no suggestion that he is presently unable to take care of himself within the confines of his facility. Nor has he demonstrated that BOP cannot manage his medical

condition appropriately. To the contrary, a review of defendant's medical records reflects that defendant's diabetes is under control and that BOP is adequately and competently administering the necessary care for his disease. Additionally, according to the BOP, at the facility where defendant is housed (FCI Beaumont, Medium), currently only four inmates and six staff have confirmed positive test results for COVID-19, with no inmate or staff deaths and with 120 inmate recoveries and two staff recoveries.[1] On this record, the court finds that defendant's diabetes diagnosis does not satisfy the standard for a reduction under the Guidelines and comments.

     Finally, the court also notes that consideration of the section 3553 factors does not support a sentence reduction. Under 18 U.S.C. § 3553(a), a court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. As the criminal history set forth above reflects, defendant has participated in criminal behavior more or less continuously since the age of fifteen, and unfortunately, it appears that defendant's previous criminal penalties have had little effect on his behavior, as reflected by the fact that each time he was release on parole, he was re-arrested for new criminal behavior. Accordingly, the court finds that in this case, the goals of section 3553(a), namely, for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford

---

[1] https://www.bop.gov/coronavirus/index.jsp, consulted on 9/24/2020.

adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, would be undermined by granting this defendant early release.

*Home confinement request*

Alternatively, defendant has requested that he be designated for home confinement. However, it is the BOP, not the court, that designates the place of defendant's imprisonment. See 18 U.S.C. § 3261(b). The court recognizes that the CARES Act, enacted on March 27, 2020, provides that "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2). Further, on April 3, 2020, the Attorney General declared that because of COVID-19, "emergency conditions are materially affecting the functioning" of the BOP so that the BOP director now has authority to grant home confinement to a larger grouper of prisoners. See Memorandum from Attorney Gen. William Barr to Dir. of Bureau of Prisons, Apr. 3, 2020, https://www.justice.gov/file/1266661/download. However, these provisions do not alter the fact that the authority to designate home confinement of a prisoner rests solely in the discretion of the BOP. If anything, the BOP's unique awareness of the COVID-19 situation in its facilities, and the practices put in place to address it, reinforce the conclusion that the BOP is uniquely qualified to make designation determinations, without interference from the court.

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's **Motion for Appointment of Counsel and**

**for Compassionate Release** (Rec. Doc. 95) is **DENIED**.

New Orleans, Louisiana, this 28th day of September, 2020.

                                        **MARY ANN VIAL LEMMON**
                                        **UNITED STATES DISTRICT JUDGE**